ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

WORLD FUEL SERVICES SINGAPORE PTE LTD.,

                Plaintiff,

   - against -

PT SMOE INDONESIA,

                Defendant.

------------------------------------

09 Civ. 6300 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    In response to the Court's Order to show cause why the maritime attachment in this case should not be vacated pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., Nos. 08 2477 Civ., 08 3758 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), and the Complaint dismissed without prejudice, the plaintiff makes the following arguments, among others: (1) Jaldhi did not properly overrule Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002) because it was not an en banc decision; (2) Jaldhi did not hold that Electronic Fund Transfers ("EFTs") of which the defendant was the originator were not property that could be attached; and (3) the bank holding the funds in this case may be the defendant's depositor bank and, thus, not subject to Jaldhi. These arguments have no merit.

    First, as the Court of Appeals noted in Jaldhi, the panel circulated the opinion in the case to all active members of the

Court of Appeals and received no objection, a process known as a "mini-en banc." Jaldhi, 2009 WL 3319675, at *7 & n.9. There is no reason to find that this process, used by the Court of Appeals on previous occasions, was not sufficient. See United States v. Parkes, 497 F.3d 220, 230 n.7 (2d Cir. 2007) (describing "mini-en banc" process).

Second, the Court of Appeals in Jaldhi found that "[b]ecause EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B." The Court noted that it was "probable" that the district court would vacate the entire attachment order, including EFTs of which the defendant was the originator. Id. More recently, the Court of Appeals has made it even plainer that EFTs are not the property of either the originator or the beneficiary. Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *3 (2d Cir. Nov. 13, 2009). Because even EFTs originated by the defendant are not property of the defendant which can be attached, the attachment in this case should be vacated.

Third, the fact that the intermediary bank restraining the funds may also be the defendant's depository bank from which the funds were sent does not remove the funds from the scope of

Jaldhi. The funds are still EFTs held at an intermediary bank and are not property of the defendant that can be attached. The plaintiff does not assert that it successfully found a bank account of the defendant in this District, which it successfully attached.

The Court has carefully considered all of the arguments presented. To the extent not specifically addressed in this Opinion they are either moot or without merit. For the reasons stated above, the maritime attachment in this case is **vacated**. The Clerk is directed to **dismiss** the Complaint **without prejudice** and to close this case.

SO ORDERED.

Dated: New York, New York
November 14, 2009

John G. Koeltl
United States District Judge